Joel E. Tasca, Esq.
Nevada Bar No. 14124
Emil S. Kim, Esq.
Nevada Bar No. 14894
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
tasca@ballardspahr.com
kime@ballardspahr.com

*Attorneys for Defendant MedRisk, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEIGHBORHOOD NEUROPATHY CENTER OF RENO, LLC, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDRISK, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:19-cv-00619-LRH-WGC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant MedRisk, LLC ("MedRisk"), by its undersigned counsel, answers Plaintiff's Complaint (the "Complaint") as follows:

### PARTIES

1. MedRisk currently lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1 and therefore, denies them.

2. MedRisk admits the allegations set forth in Paragraph 2.

### JURISDICTION & VENUE

3. The allegations in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk admits only that Plaintiff asserts claims based on federal laws. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them.

DMWEST #18245944 v1

4.   MedRisk does not challenge personal jurisdiction for purposes of this action only. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them.

5   MedRisk does not challenge venue for purposes of Plaintiff's individual claim only, but denies that MedRisk has any liability to Plaintiff or anyone it purports to represent in this action.

## COMMON ALLEGATIONS OF FACT

6.   Paragraph 6 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them.

7.   The allegations in paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 7 of the Complaint.

8.   The allegations in paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 8 of the Complaint.

9.   Paragraph 9 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

10.   MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

11.   The allegations in paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 11 of the Complaint.

///

///

2

DMWEST #18245944 v1

## FACTS SPECIFIC TO PLAINTIFF

12. MedRisk denies the allegations contained in paragraph 12 of the Complaint.

13. MedRisk denies the allegations contained in paragraph 13 of the Complaint.

14. MedRisk denies the allegations contained in paragraph 14 of the Complaint.

15. MedRisk denies the allegations contained in paragraph 15 of the Complaint.

16. MedRisk denies the allegations contained in paragraph 16 of the Complaint.

17. MedRisk denies the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk currently lacks knowledge or information sufficient to form a basis about the truth of the allegations set forth in paragraph 18 and therefore denies them.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 19 of the Complaint.

## CLASS ACTION ALLEGATIONS

20. MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

21. Paragraph 21 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained

3

DMWEST #18245944 v1

therein.

22. Paragraph 22 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

23. Paragraph 23 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

    a. Paragraph 23(a) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

    b. Paragraph 23(b) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

    c. Paragraph 23(c) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

    d. Paragraph 23(d) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

4

1 be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

      e.    Paragraph 23(e) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

24. Paragraph 24 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

25. Paragraph 25 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

26. Paragraph 26 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

27. Paragraph 27 asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

DMWEST #18245944 v1

   a. Paragraph 27(a) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

   b. Paragraph 27(b) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

   c. Paragraph 27(c) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

   d. Paragraph 27(d) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

   e. Paragraph 27(e) asserts legal conclusions to which no answer is required. To the extent a response is required, MedRisk denies that any class should be certified in this action and denies that this action is appropriate for class treatment. To the extent a further response is required, MedRisk denies the allegations contained therein.

///
///
///

DMWEST #18245944 v1

# CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the MedRisk Junk Fax Class)

28. MedRisk incorporates herein by reference its responses to the prior paragraphs.

29. Paragraph 29 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

30. Paragraph 30 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

31. The allegations in paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 31 of the Complaint.

32. Paragraph 32 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

33. Paragraph 33 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

   a. Paragraph 33(a) contains no affirmative allegations against

7

DMWEST #18245944 v1

MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

      b.    Paragraph 33(b) contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

      c.    Paragraph 33(c) contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

34.    Paragraph 34 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

35.    The allegations in paragraph 35 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 35 of the Complaint.

36.    The allegations in paragraph 36 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 36 of the Complaint.

37.    Paragraph 37 contains no affirmative allegations against MedRisk. To the extent said paragraph is deemed to contain any affirmative allegations against MedRisk, MedRisk denies them. Moreover, the allegations in said

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

DMWEST #18245944 v1

paragraph constitute legal conclusions to which no response is required.

38. The allegations in paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 38 of the Complaint.

39. The allegations in paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 39 of the Complaint.

40. The allegations in paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 40 of the Complaint.

41. The allegations in paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 41 of the Complaint.

42. The allegations in paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, MedRisk denies paragraph 42 of the Complaint.

## PRAYER FOR RELIEF

Answering the Prayer for Relief and each subparagraph therein, MedRisk denies the allegations and any implication that Plaintiff's allegations have merit, that Plaintiff is entitled to any relief whatsoever and/or that that any class should be certified in this action or that this action is appropriate for class treatment.

## JURY DEMAND

Answering the request for trial by jury of all claims, MedRisk admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, MedRisk, as separate and distinct affirmative defenses to the Complaint and all the claims alleged therein, alleges as follows on information and belief:

DMWEST #18245944 v1

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against MedRisk.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and any person Plaintiff purports to represent are barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff and any person Plaintiff purports to represent consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person he purports to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person Plaintiff purports to represent, which amount to and constitute a waiver of any right or rights Plaintiff or any person Plaintiff purports to represent may or might have in relation to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred from recovery by the doctrine of laches because Plaintiff and any person Plaintiff purports to represent knew of the purported acts or omissions and were fully aware of their rights against MedRisk (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of MedRisk.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any person Plaintiff purports to represent has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff and

any person Plaintiff purports to represent failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiff and any person Plaintiff purports to represent suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any act or practice of MedRisk and, therefore, lacks standing to assert a claim.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statute of limitations including, without limitation, 28 U.S.C. § 1658.

### NINTH AFFIRMATIVE DEFENSE

47 U.S.C. § 227, *et seq.*, including, but not limited to, its provision for statutory damages of up to $1500 per fax, violates the First, Fourth, and Fourteenth Amendments of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and any person Plaintiff purports to represent is precluded from any recovery for a willful and knowing violation of the JFPA because any such violation (which MedRisk denies occurred) would not have been willful or knowing.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiff and any person Plaintiff purports to represent are subject to a setoff and/or recoupment.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent Plaintiff and any person Plaintiff purports to represent is a member of a class action and did not properly opt out of the class. Accordingly, the Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

///

DMWEST #18245944 v1

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately or legally caused by any of the actions of MedRisk.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any member of the class communicated with MedRisk unlawfully, deceptively, or in bad faith, such conduct bars Plaintiff's recovery and recovery of any person Plaintiff purports to represent in this case.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any person Plaintiff purports to represent is precluded from any recovery in that damages, if any, were the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties and/or their agents, and not any act or omission on the part of MedRisk.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any person Plaintiff purports to represent are barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff and any person Plaintiff purports to represent provided prior express consent within the meaning of the JFPA for all faxes allegedly sent by MedRisk. Moreover, consent is an inherently individualized issue that is not amenable to class-wide adjudication.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any person Plaintiff purports to represent has an adequate remedy at law and no basis exists for the grant of equitable or injunctive relief.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

MedRisk specifically denies that it acted with any knowledge, willfulness, oppression, fraud, or malice towards Plaintiff and/or others alleged to be members of the purported class.

12

DMWEST #18245944 v1

## TWENTIETH AFFIRMATIVE DEFENSE

Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims alleged by Plaintiff and any person Plaintiff purports to represent fail because the faxes at issue were informational, and not advertising.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, *inter alia*, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

MedRisk reserves its right to compel arbitration, pursuant to the applicable and relevant agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

MedRisk expressly reserves the right to assert such other and further affirmative defenses as may be appropriate, based on its ongoing investigation and/or documents and information obtained from Plaintiff.

WHEREFORE, MedRisk requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by virtue of the Complaint;
3. That judgment be entered in favor of MedRisk;
4. That the Court award MedRisk its fees, expenses, and costs to the full extent permitted by law; and

///
///
///
///

5. That the Court award such other relief as is just and proper under the circumstances.

DATED this 2nd day of December, 2019.

BALLARD SPAHR LLP

By: /s/ Joel Tasca
Joel E. Tasca, Esq.
Nevada Bar No. 14124
Emil S. Kim, Esq.
Nevada Bar No. 14894
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

*Attorneys for Defendant MedRisk, LLC*

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

14

DMWEST #18245944 v1

# CERTIFICATE OF SERVICE

I certify that on December 2, 2019, and pursuant to FRCP 5, a true copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** was filed via the Court's CM/ECF System and electronically served on the following parties:

Marc P. Cook
COOK & CELESIS, LTD.
517 S. 9th Street
Las Vegas, NV 89101

Patrick H. Peluso
Taylor T. Smith
WOODROW & PELUSO, LLC
3900 East Mexico Avenue, Suite 300
Denver, CO 80210

*Attorneys for Plaintiff*

By: /s/   M. Carlton
An employee of Ballard Spahr LLP

DMWEST #18245944 v1