Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com
 [Additional counsel appearing on signature page]

*Attorneys for Plaintiff*
and the alleged Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **NEIGHBORHOOD NEUROPATHY CENTER OF RENO LLC**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MEDRISK LLC**<br><br>Defendant. | Case No.  3:19-cv-00619-LRH-WGC<br><br>**JOINT PROPOSED DISCOVERY PLAN/SCHEDULING ORDER** |

Plaintiff Neighborhood Neuropathy Center of Reno LLC ("Plaintiff") and Defendant MedRisk LLC ("Defendant" or "MedRisk") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

**1. Statement of the Case**

Plaintiff's Position:  This putative class action challenges Defendant's alleged violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq*., ("JFPA" or the "Act"). In short, Plaintiff alleges that Defendant sent it at least nine (9) facsimile messages between February and July 2019 in violation of the JFPA.

Defendant's Position: Plaintiff's sole claim under the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq.*, ("JFPA" or the "Act") fails as a matter of law. Among other legal deficiencies in the claim, the faxes that form the basis for the claim were not "unsolicited advertisements," and thus, they cannot be violations of the JFPA.

**2. Subject Matter Jurisdiction**

This case is an alleged class action brought under the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 *et seq.*, ("JFPA" or the "Act"). As such, the Parties agree that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

**3. Legal Issues**

Plaintiff's Position:
- (i) Whether Defendant's faxes violated the JFPA;
- (ii) Whether Defendant acted willfully;
- (iii) Whether one or more classes should be certified;
- (iv) The proper measure of damages.

Defendant's Position:
- (i) Whether Defendant's faxes were "unsolicited advertisements" in violation of the JFPA?
- (ii) Whether Defendant's faxes were "informational" as determined by the Federal Communications Commission?
- (iii) Whether Plaintiff has met its burden of establishing that class treatment of this case is warranted.

**4.   Service**

- 2 -

All parties have been served and there are no issues with service.

**5.    Additional parties**

The parties do not expect to add any additional parties at this time.

**6.    Contemplated motions**

Plaintiff anticipates filing a motion for class certification after an appropriate period of class discovery. Plaintiff also intends to move for summary judgment after a class has been certified. Plaintiff may need to file a motion to amend the pleadings as appropriate. Defendant may file one or more dispositive motions on or before the dispositive motion deadline.

**7.    Arbitration**

The case is not suitable for reference to arbitration or to a Magistrate Judge for trial.

**8.    Related Cases**

The parties are not aware of any related cases.

**9.    Discovery**

*a.    Extent, nature, and location of discovery*

**Plaintiff's Position:** Plaintiff believes that discovery should proceed with respect to both class certification and merits issues for a period of eight (8) months. The first six (6) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this eight (8) month period the Plaintiff would file a motion for class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

1 **Defendant's Position:** Defendant believes that discovery is needed on all 2 issues in Plaintiff's complaint and is expected to take approximately 180 days from 3 December 2, 2019, the date Defendant filed its Answer to Plaintiff's complaint. 4 Discovery should follow the normal course, including interrogatories, requests for 5 production, requests for admission, and the taking of depositions at a location 6 convenient for the applicable and necessary parties to each deposition. Defendant 7 reserves the right to seek bifurcation of merits and class issues, if Defendant 8 concludes that such bifurcation is appropriate.

9     *b.*     *Suggested Changes to Discovery Limitations*

10     The Parties do not propose any changes to the discovery limitations 11 imposed by the Federal Rules of Civil Procedure.

12     *c.*     *Number of hours per deposition*

13     The Parties propose 8 hours per deposition.

14 **10. Jury Trial**

15 Plaintiff has made a proper jury trial demand. Defendant does not dispute 16 Plaintiff's right to trial by jury but does not independently request a trial by jury.

17 **11. Trial Length**

18 The parties estimate that a trial in this case would take 3 days.

19 **12. Settlement**

20 The parties do not request Court assistance with settlement talks at this time. 21 The parties reserve the right to request a judicial settlement conference after initial 22 discovery has taken place.

23 **13. Other Matters**

24 There are no other matters that the Parties believe require Court attention at 25 this time.

26                               Respectfully submitted,

27

28

Dated: January 16, 2020

**Neighborhood Neuropathy Center of Reno LLC**, individually and on behalf of all others similarly situated,

By:   /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* Pro Hac Vice

BALLARD SPAHR LLP

By: /s/ Joel E. Tasca
Joel E. Tasca, Esq.
Nevada Bar No. 14124
Emil S. Kim, Esq.
Nevada Bar No. 14894
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Tel: (702) 471-7000
Fax: (702) 471-7070
E-mail: tasca@ballardspahr.com
E-mail: kime@ballardspahr.com

*Attorneys for Defendant Medrisk LLC*